IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| Tyler S. Wilcox, | ) | Case Number:  26-cv-388 |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| WATCO Companies, LLC, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| Fox Valley & Lake Superior Rail System, LLC; | ) | **COMPLAINT** |
| | ) | |
| and | ) | |
| | ) | |
| South Kansas & Oklahoma Railroad, Inc.; | ) | |
| | ) | |
| and | ) | |
| | ) | |
| Acuity Advantage Insurance Agency, Inc. | ) | |
| | ) | |
| Defendants. | ) | |

COMES NOW the Plaintiff, Tyler S. Wilcox, and for his causes of action against the Defendant WATCO Companies, LLC, Fox Valley & Lake Superior Rail System, LLC, South Kansas & Oklahoma Railroad, Inc., and Acuity Advantage Insurance Agency, Inc, states and alleges as follows:

### Preliminary Statement

1. This is an action to recover damages for personal injuries Plaintiff suffered during the course and scope of his employment on May 10, 2023, and November 22, 2023, while working as a Track Laborer for Defendant WATCO Companies, LLC, Fox Valley & Lake Superior Rail System, LLC, and South Kansas & Oklahoma Railroad, Inc. Plaintiff brings this action under the Federal Employers' Liability Act (FELA), 45 U.S.C. §§ 51-60. Plaintiff additionally brings a direct

1

#747809v1

action against Defendant Acuity Advantage Insurance Agency, Inc ("Acuity"), the liability insurer for the deceased driver Dexter Dicke Porter, pursuant to Wis. Stat. § 632.24, arising from the November 22, 2023 motor vehicle collision.

**Parties**

2.      That at the time of the incident, Plaintiff was a resident and citizen of Merrill, Wisconsin, and was employed by Defendant as a track laborer.

3.      That at all times relevant herein, Defendant WATCO Companies, LLC ("WATCO") is a limited liability company duly organized and existing under the laws of the State of Kansas, with its principal place of business located at 315 West 3rd Street, Pittsburg, Kansas 66762. WATCO is a privately held transportation and logistics company that owns and/or operates more than 47 short line railroads across North America, encompassing more than 8,000 miles of track. At all times relevant herein, WATCO was duly licensed and empowered to operate a system of railroads as a common carrier of freight for hire in and through the State of Wisconsin and was engaged as a common carrier in interstate commerce.

4.      That at all times relevant herein, Defendant Fox Valley & Lake Superior Rail System, LLC ("FOXY") is a limited liability company organized and existing under the laws of the State of Wisconsin, with its principal operations office located at 1531 Curling Way, Wausau, Wisconsin 54403. FOXY is a short line railroad operating on tracks in the State of Wisconsin. At all times relevant herein, FOXY was duly licensed and empowered to operate as a common carrier of freight for hire in and through the State of Wisconsin and was engaged as a common carrier in interstate commerce.

5.      That at all times relevant herein, Defendant South Kansas & Oklahoma Railroad, Inc. ("SKO") is a corporation organized and existing under the laws of the State of Kansas, with its principal place of business located in Pittsburg, Kansas. SKO is a short line railroad operating

2

#747809v1

rail lines in Kansas, Oklahoma, Wisconsin, and Missouri. SKO served as the payroll and employing entity for Plaintiff Tyler S. Wilcox, as reflected in Plaintiff's pay records identifying South Kansas & Oklahoma RR, Inc. as an employer of record. SKO was at all times relevant herein engaged as a common carrier in interstate commerce.

6.    That Defendants WATCO, FOXY, and SKO are related corporate entities operating as part of a single integrated enterprise under common ownership and control. WATCO Companies, LLC is the parent entity and ultimate controlling company of both FOXY and SKO. Fox Valley & Lake Superior Rail System, L.L.C. is a wholly owned subsidiary of Watco Holdings, Inc., the holding company affiliate of WATCO Companies, LLC, formed for the purpose of acquiring and operating the Wisconsin rail lines at issue in this action. South Kansas & Oklahoma Railroad, Inc. is a subsidiary and operating unit of WATCO Companies, LLC, and serves as the corporate payroll entity through which WATCO employs track laborers, including Plaintiff, assigned to work on FOXY's Wisconsin rail lines.

7.    That at all relevant times, Defendants WATCO, FOXY, and SKO shared common ownership, common management, common operational policies, common safety rules and procedures, and common human resources and payroll infrastructure, such that each Defendant exercised control over the terms, conditions, and safety of Plaintiff's employment. Each Defendant is therefore jointly and severally liable as Plaintiff's employer within the meaning of the Federal Employers' Liability Act, 45 U.S.C. § 51.

8.    That Dexter Dicke Porter (DOB: May 19, 1945), a resident of 131 Spring Street, Sheboygan Falls, Wisconsin 53085, died at the scene of the motor vehicle collision on November 22, 2023. Upon information and belief, no probate estate has been opened for Dexter Dicke Porter in the State of Wisconsin.

3

#747809v1

9.      That Defendant Acuity Advantage Insurance Agency, Inc ("Acuity"), is a Wisconsin domestic mutual insurance company with its principal place of business located in Sheboygan, Wisconsin. Acuity is authorized to conduct business as a property and casualty insurer in the State of Wisconsin. At all times material herein, Acuity carried a liability insurance policy covering Dexter Dicke Porter and/or the 2015 Toyota Tacoma (WI Plate JM8281) he was operating at the time of the November 22, 2023 collision. This direct action is brought against Acuity pursuant to Wis. Stat. § 632.24.

## Jurisdiction & Venue

10.     That this Court has subject-matter jurisdiction over Plaintiff's FELA claims pursuant to 28 U.S.C. § 1331 (federal question).

11.     That this Court has personal jurisdiction over Defendants WATCO, FOXY, and SKO because an incident giving rise to Plaintiff's FELA claims occurred within the State of Wisconsin.

12.     That this Court has supplemental jurisdiction over Plaintiff's state law direct action claim against Defendant Acuity pursuant to 28 U.S.C. § 1367(a), as said claim arises from the same case or controversy, specifically, the same November 22, 2023 motor vehicle collision, as Plaintiff's FELA claim in Count Two.

13.     That venue to bring Plaintiff's FELA claims in this Court is proper pursuant to 45 U.S.C. § 56, which allows bringing FELA claims in the district where the cause of action arose or in the district where the defendant is doing business at the time the action is commenced.

14.     That this action brought under the FELA is timely commenced pursuant to 45 U.S.C. § 56.

15.     That this direct action against Defendant Acuity Advantage Insurance Agency, Inc, is timely commenced pursuant to Wis. Stat. § 893.54.

4

#747809v1

**Facts**

**Incident One – May 10, 2023**

16.    That on or about May 10, 2023, Plaintiff was in the course and scope of his employment working as a track laborer on or near Defendants WATCO, FOXY, and SKO's tracks near the Bradley Depot in Bradley, Wisconsin.

17.    Plaintiff appeared for work at approximately 6:00 am and was assigned to maintain and repair damaged tracks through the use of welding buildup rods.

18.    Plaintiff was working on his own under Roadmaster Rick Grant for this assignment.

19.    Plaintiff was never trained or certified to weld by Defendants WATCO, FOXY, and SKO.

20.    Plaintiff was not provided protective gear for welding by Defendants WATCO, FOXY, and SKO.

21.    Plaintiff completed a ten-hour shift in which approximately nine of the hours were spent welding on Defendant's tracks.

22.    Throughout the welding process, Plaintiff inhaled toxic metal fumes, and as a result, Plaintiff suffered injuries and was otherwise damaged.

**Incident Two – November 22, 2023**

23.    That on or about November 22, 2023, at about 1:25 p.m., Plaintiff was in the course and scope of his employment working as a track laborer for Defendant.

24.    Plaintiff was being transported by Jordan Vanark, an employee of Defendant, along with two other employees in a 2022 Ford F550 owned by Defendant.

25.    Plaintiff and the other employees had completed their assigned duties for the day and were heading west on US Highway 8 towards the Bradley Depot in Bradley, Wisconsin.

5

#747809v1

26. Plaintiff was in the back right passenger seat and was talking with Zachary Schendel, who was seated in the back left passenger seat.

27. As driver Jordan Vanark approached the cornering intersection of Rapel Road and US Highway 8, in Lincoln County, Wisconsin, Dexter Dicke Porter was operating a Toyota Tacoma eastbound on US Highway 8.

28. Driver Porter crossed the centerline of US Highway 8 into the westbound lane of traffic, directly into the path of the Ford F550 in which Plaintiff was traveling.

29. Driver Jordan Vanark did not avoid the oncoming Toyota Tacoma, and the vehicles collided.

30. Driver Vanark admitted after the incident that he was driving faster than the posted speed limit.

31. As a result of the collision, Plaintiff Tyler Wilcox suffered severe and permanent injuries and was otherwise damaged.

32. Driver Porter was pronounced dead at the scene of the collision.

## CAUSES OF ACTION

### Count One - May 10, 2023 Incident (WATCO, FOXY, and SKO) (negligence and breach of duty under the FELA)

Plaintiff realleges paragraphs 1 through 32 as set forth at length and in detail herein.

33. That the injuries and damages sustained by Plaintiff were caused, in whole or in part, by reason of Defendants' breach of duty and violation of the FELA, 45 U.S.C. § 51, when it:

    a. Failed to provide a reasonably safe place to work,

    b. Failed to properly provide personal protective equipment.

    c. Failed to follow and enforce its work rules and procedures,

    d. Failed to adopt reasonable work rules and procedures,

6

#747809v1

     e.     Failed to instruct,

     f.     Failed to warn Plaintiff about unsafe conditions, and

     g.     other acts of negligence as shown in discovery of this case.

34.     That as a result, Plaintiff was injured, suffered pain in the past and will suffer pain in the future; has incurred expenses for medical treatment, and will incur further like expenses in the future; has suffered loss of earnings and loss of future earning capacity; has suffered loss of his enjoyment of life, has suffered permanent injury and disability, all to his injury and damage.

**Count Two - May 10, 2023, Incident (WATCO, FOXY, and SKO)**
**Negligence per se under the FELA**

Plaintiff realleges paragraphs 1 through 34 as set forth at length and in detail herein.

35.     That 29 C.F.R. § 1910.1000, promulgated under the Occupational Safety and Health Act of 1970, 29 U.S.C. § 651 et seq., is a safety statute or regulation enacted for the protection of workers, including railroad employees such as Plaintiff, from the hazards of occupational exposure to airborne toxic substances.

36.     That 29 C.F.R. § 1910.1000 establishes a mandatory ceiling permissible exposure limit (PEL) for compounds and fumes, which is an absolute ceiling that shall at no time be exceeded during any portion of the workday.

37.     That 29 C.F.R. § 1910.1000(e) mandates that whenever an employee's exposure to any substance listed in Table Z-1 exceeds, or can reasonably be expected to exceed, the permissible exposure limit, the employer shall administer a control program that:

     a. First utilizes engineering and work practice controls to reduce and maintain employee exposure to or below the permissible exposure limit;

     b. Supplements engineering and work practice controls with respiratory protection where such controls are not sufficient; and

     c. Ensures that all protective equipment and technical measures are approved by a competent industrial hygienist or other technically qualified person.

#747809v1

38. That Plaintiff performed approximately nine (9) hours of continuous welding during a ten (10)-hour shift, in the course and scope of his employment with Defendants WATCO, FOXY, and SKO, while working alone under Roadmaster Rick Grant.

39.    That throughout the course of Plaintiff's nine-hour welding assignment, Plaintiff was exposed to toxic fumes and/or toxic compound aerosols arising from the welding process and inhaled such fumes in concentrations that, given the duration, intensity, and nature of the work performed, exceeded or could reasonably have been expected to exceed ceiling permissible exposure limit at one or more times during the workday.

40.    That Defendants WATCO, FOXY, and SKO failed to comply with 29 C.F.R. § 1910.1000 in one or more of the following respects:

    a. Failed to implement or provide adequate engineering controls reasonably necessary to maintain Plaintiff's toxic welding fume inhalation exposure at or below the permissible exposure limit;

    b.    Failed to implement adequate administrative controls to limit Plaintiff's duration or intensity of exposure to toxic welding fumes during the May 10, 2023 assignment;

    c.    Failed to provide Plaintiff with appropriate respiratory protection meeting the requirements of 29 C.F.R. § 1910.134, notwithstanding the absence of adequate engineering controls;

    d.    Failed to perform air monitoring or breathing-zone sampling sufficient to determine whether Plaintiff's exposure to toxic welding fumes exceeded, or could reasonably have been expected to exceed, the permissible exposure limit ceiling; and

    e.    Otherwise violated the requirements of 29 C.F.R. § 1910.1000 in ways that may be determined through discovery.

41.    That 29 C.F.R. § 1910.1000 is a statute or regulation within the meaning of FELA, 45 U.S.C. § 53, enacted for the safety of employees, and Defendant's violation thereof constitutes negligence per se under the FELA, for which Plaintiff need not prove the reasonableness of Defendant's conduct.

8

#747809v1

42.     That as a result of Defendant's negligence per se in violating 29 C.F.R. § 1910.1000, Plaintiff was injured, suffered pain in the past and will suffer pain in the future; has incurred expenses for medical treatment and will incur further like expenses in the future; has suffered loss of earnings and loss of future earning capacity; has suffered loss of his enjoyment of life; and has suffered permanent injury and disability, all to his injury and damage.

### Count Three - November 22, 2023 Incident (WATCO, FOXY, and SKO)
### (negligence and breach of duty under the FELA)

Plaintiff realleges paragraphs 1 through 42 as set forth at length and in detail herein.

43.     That the injuries and damages sustained by Plaintiff were caused, in whole or in part, by reason of Defendant's breach of duty and violation of the FELA, 45 U.S.C. § 51, when it:

   a.     Failed to provide Plaintiff with a reasonably safe place to work;

   b.     Failed to adopt and enforce sufficient safety rules and procedures;

   c.     Failed to properly train and/or instruct those responsible for transporting its employees;

   d.     Negligence due to its vehicle operator:

      i.     Failed to maintain a proper lookout;

      ii.    Failed to take evasive action;

      iii.   Failed to drive at a reasonable rate of speed;

      iv.    Failed to be an attentive driver;

      v.     Failed to use due care and circumspection for his own safety and the safety of others;

      vi.    Failed to have his vehicle under proper management and control;

      vii.   Failed to keep proper watch and control of the vehicle and otherwise operate the vehicle in a reasonably safe manner;

      viii.  Failed to take appropriate evasive action;

      ix.    For his negligence in all other respects;

9

#747809v1

x.      Otherwise violating the rules of the road and the statutes of the State of Wisconsin; and

e.      Other acts of negligence that may be determined by the evidence.

44.    That as a result, Plaintiff was injured, suffered pain in the past and will suffer pain in the future; has incurred expenses for medical treatment, and will incur further like expenses in the future; has suffered loss of earnings and loss of future earning capacity; has suffered loss of his enjoyment of life, has suffered injury and disability, all to his injury and damage.

### Count Four - November 22, 2023 Incident (Acuity)
### (Direct Action against Acuity Under Wis. Stat. § 632.24)

Plaintiff realleges paragraphs 1 through 44 as set forth at length and in detail herein.

45.    At all times material herein, Dexter Dicke Porter, named herein, was the driver of the 2015 Toyota Tacoma (WI Plate JM8281), which was involved in the November 22, 2023 motor vehicle accident. Dexter Dicke Porter died at the scene of the accident on November 22, 2023. Upon information and belief, no probate estate has been opened for him in Wisconsin. This action is being brought under Section 632.24 of the Wisconsin Statutes as a direct action against the insurance company providing coverage for this accident.

46.    At all times material herein, Dexter Dicke Porter was negligent, careless, and inattentive in the operation and control of the vehicle he was operating as follows:

a.      Failed to maintain a proper lookout and was driving in the wrong lane of travel;

b.      Failed to be an attentive driver;

c.      Failed to use due care and circumspection for his own safety and the safety of others;

d.      Failed to have his vehicle under proper management and control;

e.      Failed to keep proper watch and control of the vehicle and otherwise operate the vehicle in a reasonably safe manner;

10

#747809v1

      f.     Failed to take appropriate evasive action;

      g.     For his negligence in all other respects;

      h.     Otherwise violating the rules of the road and the statutes of the State of Wisconsin; and

      i.     Other acts of negligence that may be determined by the evidence.

47.    That as a result, Plaintiff was injured, suffered pain in the past and will suffer pain in the future; has incurred expenses for medical treatment, and will incur further like expenses in the future; has suffered loss of earnings and loss of future earning capacity; has suffered loss of his enjoyment of life, has suffered injury and disability, all to his injury and damage.

48.    On November 22, 2023, and prior thereto, Defendant Acuity Advantage Insurance Agency, Inc, by contract in writing, for valuable consideration, agreed to become and was liable for any and all damages caused by the operation of the 2015 Toyota Tacoma operated by Dexter Dicke Porter. Further, this Defendant, by the aforesaid contract, has and had agreed to defend actions like the one which has been brought by Plaintiff, and said contract expressly reserves the right for said Defendant to control the defense or settlement of Plaintiff's claims and to engage counsel to defend such claims or actions. Defendant Acuity has an interest in the outcome of the controversy between the Defendants WATCO, FOXY, and SKO and the Plaintiff, and its interest is adverse to that of the Plaintiff. For this reason, it is a proper party defendant in this action.

WHEREFORE, Plaintiff Tyler S. Wilcox prays judgment against the above-named Defendants, WATCO Companies, LLC, Fox Valley & Lake Superior Rail System, LLC, South Kansas & Oklahoma Railroad, Inc., and Defendant Acuity Advantage Insurance Agency, Inc, jointly and severally for recovery of reasonable damages in an amount sufficient to fully compensate Plaintiff for the losses and damages, together with his costs and disbursements and reasonable attorneys' fees herein.

#747809v1

**PLAINTIFF DEMANDS TRIAL BY A JURY.**

HUNEGS, LeNEAVE & KVAS, P.A.

Dated:  April 27, 2026

*/s/ Paul Banker*
Paul Banker, WI Bar #1097390
Joshua N. Miller, MN ID 0397585
Mark S. Triola, MN
Attorneys for Plaintiff
1000 Twelve Oaks Center Drive, Suite 101
Wayzata, Minnesota  55391
(612) 339-4511
(612) 339-5150 Fax
rleneave@hlklaw.com
pbanker@hlklaw.com
jmiller@hlklaw.com

12

#747809v1